(No. 3808— )

EVA E. GUINTO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Eva E. Guinto, is the widow of Philip Guinto, deceased, a former Sergeant of the Illinois State Police. On August 5, 1943, while riding a motorcycle on Illinois Highway No. 120 near the Village of Hainesville, Lake County, Illinois, to supervise a State Police traffic detail in the City of Waukegan, the deceased apparently lost control of his motorcycle and was thrown to the pavement. He died immediately thereafter. A coroner's jury returned a verdict of accidental death while on active duty. Claimant, as widow of the deceased officer, seeks an award under the provisions of the Workmen's Compensation Act in the amount of $4,700.00.

At the time of the accident which resulted in the death of Philip Guinto, the employer and employee were

operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. Although the evidence is circumstantial, the court is of the opinion that the accident arose out of and in the course of decedent's employment.

Decedent had been employed by the respondent continuously for more than one year prior to his death at a salary of $195.00 per month. Under Section 10 (a) of the Workmen's Compensation Act, compensation must be computed on the basis of an annual wage of $2,340.00, making decedent's average weekly wage $45.00, and his compensation rate the maximum of $15.00 per week. The record does not show that the decedent had any children under sixteen years of age dependent upon him for support at the time of his death.

Claimant is therefore entitled to an award under Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00. The death having occurred as a result of an injury sustained after July 1, 1943, this amount must be increased seventeen and one-half per cent, or $700.00.

Award is therefore made in favor of the claimant, Eva E. Guinto, in the amount of $4,700.00 to be paid to her as follows:

$205.72 which has accrued and is payable forthwith;

$4,494.28 is payable in weekly installments of $15.00 per week beginning November 9th, 1943, for a period of 299 weeks with an additional final payment of $9.28.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.